On Application eor Rehearing.
Tonn, J.
We find nothing in the able arguments, made in support of this motion, to induce us to alter our decree.
This entire subject received our earnest consideration when a case with the same title was before us last year, and not reported. See 0. B. p. 146. And in considering that case, we were brought to the same conclusion expressed in the one now before us.
We there said:
“ We, therefore, conclude that the judicial fund in question must be primarily affected without any priority to preference, inter seso to the payment of the salary, and of the proper office expenses of the clerks of the Criminal and Civil District Courts, of the clerks of the City Courts, of the sheriff of the Criminal District Courts, of the Register of Conveyances, and of the Recorder of Mortgages of the Parish of Orleans, *554 anil to tlie office expenses of tlie sheriff of the Civil District Court, and of the oonstables of the City Courts, in the proportion, and to the extent, in which those salaries are fixed by the Constitution and by law, and those expenses are allowed and regulated by Statute.”
Subsequent investigation and study lias but served to confirm us in the views then expressed.
All the items of expenditures mentioned in the Article in question (146) by its terms, are equally obligatory. The judicial expenses shall be paid out of this fund, is the imperative language of the Constitution, and in the same Article that provides for the salary of the Relator. And judicial expenses are essential and inevitable, without which there can be no courts. The constitutional mandate being, that they must bo paid, and paid out of a particular fund, was sufficient, without a designation or estimation of such expenses, which, if not impossible, wouldhave been out of place in the organic law. But when, under laws framed in furtherance of the mandates of that instrument, or by the exercise of the required authority, those expenses were fixed and determined as debts of the State, such determination was equally as effective, as if they had been specified in the Constitution itself. They were and are the judicial expenses that that instrument contemplated, and ordered tó be equally paid, and paid out of the same fund with Relator. As to these payments and to whom they must be made, the Constitution does not discriminate, nor can we do so. If the special fund proves insufficient to pay all, it is a misfortune, and a misfortune in which all interested therein must share alike. Just as in case the general fund should be inadequate to pay the salaries of officers whose salaries are fixed by the Constitution, the officers entitled thereto must ex necessitate submit to a proportionate reduction.
Rehearing refused.
Justices Pochó and Fenner adhere to their dissenting opinions.